Arrest on Out-of-District Offense

# *UNITED STATES DISTRICT COURT*

FILED

## SOUTHERN DISTRICT OF CALIFORNIA

2008 SEP -5 PM 2:49

CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

## ARREST ON OUT-OF-DISTRICT OFFENSE

BY __________ DEPUTY

Magistrate Case Number: '08 MJ 2744

The person charged as JUAN ECHEVERRIA MARTINEZ now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the NORTHERN District of NEW JERSEY with INTERSTATE TRANSPORTATION OF STOLEN PROPERTY, in violation of TITLE 18, U.S.C., SECTION 371.

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: 9/5/08.

SA TODD HEMMEN
(Name)
FEDERAL BUREAU OF INVESTIGATION

Reviewed and Approved:

Dated: 9/5/08

Assistant United States Attorney

9/4/08

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : CRIMINAL COMPLAINT

v. : Mag. No. 08-3027 (PS)

LAWRENCE LNU, a/k/a "L," PABLO E. PEREZ, a/k/a "Junior," a/k/a "Ramon Perez," LUIS MARIN and JUAN E. MARTINEZ, a/k/a "Jimmy"

ORIGINAL FILED
FEB 19 2008
PATTY SHWARTZ
U.S. MAG. JUDGE

I, Jason DiJoseph, being duly sworn, state the following is true and correct to the best of my knowledge and belief. From in or about November 2007 through in or about January 15, 2008, in HUDSON County, in the District of New Jersey, and elsewhere, defendants

LAWRENCE LNU, a/k/a "L,"
PABLO E. PEREZ, a/k/a "Junior," a/k/a "Ramon Perez"
LUIS MARIN and
JUAN E. MARTINEZ, a/k/a "Jimmy"

did knowingly and intentionally conspire and agree with each other and with others to embezzle, steal, and unlawfully take, carry away, and conceal, from a motortruck, and other vehicle, platform or depot, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to their own use, goods and chattels moving as and which are a part of and which constitute an interstate or foreign shipment of freight, express, and other property, contrary to Title 18, United States Code, Section 659.

In violation of Title 18, United States Code, Section 371.

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

**SEE ATTACHMENT A.**

Jason DiJoseph, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
February 19, 2008, at Newark, New Jersey

HONORABLE PATTY SHWARTZ

UNITED STATES MAGISTRATE JUDGE

Patty Shwartz

Signature of Judicial Officer

## ATTACHMENT A

I, Jason DiJoseph, a Special Agent with the Federal Bureau of Investigation, having conducted an investigation and having spoken with other individuals, have knowledge of the following facts:

1. At all times relevant to this complaint, defendants LAWRENCE LNU, a/k/a "L" (hereinafter defendant "LAWRENCE"), PABLO E. PEREZ, a/k/a "Junior," a/k/a "Ramon Perez"(hereinafter defendant "PEREZ"), LUIS MARIN, (hereinafter defendant "MARIN"), and JUAN E. MARTINEZ, (hereinafter defendant "MARTINEZ"), conspired with one another to steal tractor-trailers carrying shipments of goods, store those stolen goods in a warehouse, and attempt to sell those goods to potential buyers.

2. On or about November 18, 2007, law enforcement officers received information that three tractor-trailer trucks, containing men's apparel, had been stolen from a trucking facility in Newark, New Jersey.

3. On or about November 30, 2007, a cooperating witness ("CW") was approached by defendant MARIN. According to the CW, defendant MARIN was looking for warehouse space to store three trailers of clothing and asked CW's help in securing same. The CW related that defendant MARIN had known CW throughout the years and the CW advised that he would be in a position to offer assistance securing a warehouse storage facility.

4. The CW informed that defendant MARIN was seeking to store the stolen loads of goods in a warehouse storage facility. CW contacted law enforcement officials who, in turn, began an undercover investigation of defendant MARIN.

5. That investigation included, but was not limited to, establishing warehouse space in Jersey City, New Jersey, (the "Warehouse"), conducting video and audio surveillance, and working with the CW and an undercover law enforcement officer, ("UC") for a period lasting from in or about November 28, 2007 through in or about January 15, 2008. Throughout that time period, the investigation revealed that defendants MARIN, PEREZ, MARTINEZ and LAWRENCE were involved in a continuing pattern of activity involving the theft of tractor-trailers with loads of goods, after which the tractor-trailers would be unloaded and the goods would be stored in the Warehouse. The conspirators would then attempt to locate potential buyers for the stolen goods and ultimately sell those goods.

6. On or about November 1, 2007, law enforcement officers learned that a tractor-trailer truck containing women's apparel had been stolen from a trucking facility in Harrison, New Jersey. Additionally, on or about December 1, 2007, officers learned that a tractor-trailer truck containing dry coffee creamer and body wash had been stolen from a trucking facility in Linden, New Jersey.

7. On or about December 5, 2007, the CW met with defendants MARIN, PEREZ and MARTINEZ and introduced them to the UC, who the CW indicated was the owner of the Warehouse. The UC gave the defendants the address for the Warehouse and defendant MARIN agreed to pay the UC $3,000 a month in rent for the use of the storage facility. Law enforcement officers confirmed that later that day, three of the tractor-trailer trucks containing the stolen merchandise were delivered to the Warehouse. Upon arrival at the warehouse, and based upon conversations with CW, law enforcement officers were able to confirm that: (1) the merchandise was in fact brought to the warehouse on or about the afternoon of December 5, 2007; (2) it was delivered by way of one tractor-trailer shipment containing the men's apparel, one tractor trailer containing the coffee creamer and body wash, and one tractor trailer containing the women's apparel; and (3) that defendants MARIN and PEREZ had been at the warehouse earlier that day to inspect the warehouse for the purpose of storing stolen loads of goods there.

8. On or about January 3, 2008, the CW informed law enforcement that he had received a telephone call from defendant LAWRENCE who told the CW in substance and part that he had just learned that the Warehouse had been broken into and that a portion of the load of men's apparel had been stolen. During that conversation defendant LAWRENCE indicated that all of the goods in the Warehouse were his and he insisted that the CW pay him for the missing merchandise.

## OBJECT OF THE CONSPIRACY

9. It was the object of the conspiracy that defendants and other unidentified co-conspirators would arrange for the theft of tractor-trailers containing goods, transport the stolen goods to a Warehouse, and sell the stolen goods for a profit.

## MANNER AND MEANS OF THE CONSPIRACY

10. It was part of the conspiracy that:

a. Defendants MARIN, PEREZ and MARTINEZ agreed to attempt to locate space in the Warehouse for the storage of stolen goods.

b. The defendants would bring loads of stolen goods to the Warehouse to be unloaded.

c. The defendants would then store the stolen goods and arrange for the sale of said goods to potential buyers.

d. Defendants would provide "test samples" to potential buyers of the loads of goods so that the prospective buyers could determine whether they had the ability to resell the goods prior to deciding whether to purchase the entire load from defendants.

## OVERT ACTS

11. In furtherance of the conspiracy and to affect the objects thereof, the following overt acts, among others, were committed in the District of New Jersey and elsewhere:

a. On or about December 5, 2007, defendants MARIN, PEREZ and MARTINEZ arrived at the Warehouse, and unloaded, for storage, three trailers containing stolen goods, including approximately one load of men's apparel with an approximate wholesale value of $90,000.

b. On or about December 5, 2007, defendants MARIN, PEREZ and MARTINEZ arrived at the Warehouse, and unloaded, for storage, one trailer containing stolen goods, including approximately one load of body wash with an approximate wholesale value of $ 30,000.00 .

c. On or about December 5, 2007, defendants MARIN, PEREZ and MARTINEZ arrived at the Warehouse, and unloaded, for storage, one trailer containing stolen goods, including approximately one load of women's apparel with an approximate wholesale value of $ 136,000.00.

d. On or about January 13, 2008, defendant LAWRENCE sold a portion of the men's shirts for $12,400 in cash.

e. On or about January 15, 2008, defendant PEREZ and MARIN and two other individuals moved the remaining stolen merchandise from the warehouse to a location in Newark, New Jersey.

AO442 (Rev. 3/17) Warrant for Arrest

United States District Court
District of New Jersey

**UNITED STATES OF AMERICA**

v.

JUAN E. MARTINEZ, a/k/a "JIMMY"

# WARRANT FOR ARREST

**Magistrate Number:** 08-3027 (PS)

To: The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest Juan E. Martinez, a/k/a "Jimmy"

**and bring him forthwith to the nearest magistrate to answer a(n)**

__ Indictment __ Information X Complaint __Order of court

__Violation Notice __ Probation Violation Petition

charging him with knowingly and intentionally conspiring and agreeing with others to embezzle, steal, and unlawfully take, carry away, and conceal, from a motortruck, and other vehicle, platform or depot, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use, goods and chattels moving as and which are a part of and which constitute an interstate or foreign shipment of freight, express, and other property, contrary to Title 18, United States Code, Section 659,

In violation of Title 18, United States Code, Section(s) 371

Hon. Patty Shwartz
**Name of Issuing Officer**

United States Magistrate Judge
**Title of Issuing Officer**

[signature]
**Signature of Issuing Officer**

______________, Newark, New Jersey
**Date and Location**

Bail fixed at $ ______________ by ______________________

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at ______________________ | | |
| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

**THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY**

DEFENDANT'S NAME: JUAN E. MARTINEZ

ALIAS: "JIMMY"

LAST KNOWN RESIDENCE: 872 SHERIDAN AVE. APT. 1, ELIZABETH, NJ

LAST KNOWN EMPLOYMENT: UNKNOWN

PLACE OF BIRTH: UNKNOWN

DATE OF BIRTH: 3/23/69

SOCIAL SECURITY NUMBER: 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

HEIGHT: 5'7" WEIGHT: 160 lbs

SEX: MALE RACE: BLACK

HAIR: BLACK EYES: BROWN

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: SCAR L KNEE, MISSING FINGER R HAND

FBI NUMBER: 731405LA6 SBI NO: 905512B

COMPLETE DESCRIPTION OF AUTO: 2007 HONDA ACCORD 4 DOOR, NJ VFX13W

INVESTIGATIVE AGENCY AND ADDRESS: FEDERAL BUREAU OF INVESTIGATION, GATEWAY 1, NEWARK, NEW JERSEY 07102